### HARRY WILLIAMS v. THE STATE.

No. 1955.   Decided October 30, 1912.

**Aggravated Assault—Statement of Facts.**

In the absence of a statement of facts, the Appellate Court can not review the sufficiency of the evidence, or the failure of the court to charge on self-defense.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of aggravated assault; penalty, a fine of $250 and six months confinement in the county jail.

The opinion states the case.

*Rowe & Doughty,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an aggravated assault, his punishment being assessed at a fine of $250 and six months imprisonment in the county jail.

The record is before us without a statement of facts or bills of exception. In the absence of the evidence this court is unable to review the contention that the verdict is not supported by the evidence. For the same reason it is impossible for this court to say

whether the trial court was in error in refusing to submit the issue of self-defense.

: The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 27, 1912.

· DAVIDSON, PRESIDING JUDGE.—At a former day of this term the judgment herein was affirmed. The opinion states, and the record shows, that there was no statement of facts or bills of exception filed in the lower court. At least, there is none contained in the record or transcript in this court. We affirmed the judgment in the absence of these as there was nothing in the record that required a revision.

Appellant has filed a motion for rehearing in which he says this court erred in holding that it was unnecessary for the District Court to charge on self-defense, and in affirming the judgment although the District Court refused to charge on the law of self-defense. Appellant, in his remarks under this ground of his motion for rehearing, and it is his only ground, urges "that while the point is close, justice demanded that his right to defendant himself from the assault that he testified was being, or just had been made upon him, was required, in the interests of justice; and under all the circumstances an unnecessarily harsh sentence has been imposed upon him for an assault that was no more than aggravated; and the punishment is out of all proportion to the act, and would probably not have been imposed had the court charged on self-defense." An inspection of the opinion heretofore rendered will show that the court did not discuss the question of self-defense, because the evidence was not before us. We are unable to say that appellant's motion for rehearing has any merit in it, because the evidence is not before us. The record does not contain a statement of facts. Self-defense may or may not have been in the case, but before this court can know that it was in the case, the evidence must be before us and there must be something in the record to indicate that the error complained of was a part of the case in some way. Appellant may have testified as the motion states he did, in the trial court, but his evidence is not before this court and we can only go by the record here and not by what occurred before the jury, unless we have before us what did occur before the jury. We say again, we can not review this question for the want of the evidence. If the evidence had been here possibly we might have agreed with appellant in his contention but without the testimony we have nothing to review.

The motion is therefore overruled.

*Overruled.*